**FITAPELLI & SCHAFFER, LLP**
Arsenio D. Rodriguez
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERENDIDA CANO, individually and on behalf of all others similarly situated;**<br><br>**Plaintiff,**<br><br>-against-<br><br>**D&J CLEANING SERVICES NY, INC., MYRIAM RAMOS, individually; and DANIEL RAMOS, individually;**<br><br>**Defendants.** | **CLASS ACTION COMPLAINT** |

Erendida Cano ("Cano" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread of hours pay, misappropriated tips, unlawful deductions, and other damages for Plaintiff and her similarly situated co-workers – cleaning employees and other non-exempt workers (collectively, "Non-Exempt Workers") – who work or have worked for D&J Cleaning Services NY, Inc. located in New York City ("D&J Cleaning").

2.      Owned and operated by D&J Cleaning Services NY, Inc., Myriam Ramos, and Daniel Ramos (collectively, "Defendants"), D&J Cleaning is a commercial and residential cleaning company that services Brooklyn, Queens, and Manhattan.

3.      In order to provide its cleaning services to its clients, D&J Cleaning employs a team

of Non-Exempt Workers who are responsible for servicing their clients' cleaning needs including but not limited to: basic apartment and office cleaning, oven and refrigerator cleaning, laundry services, carpet cleaning, and other specialty services.

4.      D&J Cleaning, at all times, has compensated Plaintiff and other Non-Exempt Workers on a daily rate basis.

5.      Throughout her employment, D&J Cleaning has paid Plaintiff and other Non-Exempt Workers a regular rate of pay less than the full statutory minimum wage rate.

6.      Despite being non-exempt employees, D&J Cleaning has failed to properly pay Plaintiff and other Non-Exempt Workers overtime compensation at 1.5 times the full statutory minimum wage rate for all hours worked in excess of 40 per workweek.

7.      Throughout her employment, D&J Cleaning failed to properly pay Plaintiff and other Non-Exempt Workers spread of hours pay.

8.      Furthermore, throughout her employment, D&J Cleaning made unlawful deductions from the wages of Plaintiff and other Non-Exempt Workers.

9.      In addition, D&J Cleaning unlawfully demanded or accepted, directly or indirectly, part, if not all, of the gratuities earned/received by Plaintiff and other Non-Exempt Workers.

10.     Plaintiff brings this action on behalf of herself and all other similarly situated Non-Exempt Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

11.     Plaintiff also brings this action on behalf of herself and all other similarly situated Non-Exempt Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the

supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Erendida Cano**

12.     Cano is an adult individual who is a resident of the Bronx, New York.

13.     Cano was employed by D&J Cleaning as a cleaning employee from approximately February 2014 until in or around August 2016.

14.     Cano is a covered employee within the meaning of the FLSA and the NYLL.

15.     A written consent form for Cano is being filed with this Class Action Complaint.

### Defendants

16.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

17.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

18.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**D&J Cleaning Services NY, Inc.**

19.     Together with other Defendants, D&J Cleaning Services NY, Inc. has owned and/or operated D&J Cleaning during the relevant time period.

20.     D&J Cleaning Services NY, Inc. is a domestic for-profit corporation organized and existing under the laws of New York.

21.     According to the New York State Department of State's ("NYSDOS") corporate filings for D&J Cleaning Services NY, Inc., the address to which service of process should be sent

for D&J Cleaning Services NY, Inc. is 118 Harrisburg Street, Bay Shore, New York 11706.

22.    D&J Cleaning Services NY, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

23.    At all times relevant, D&J Cleaning Services NY, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

24.    D&J Cleaning Services NY, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Workers in its operation, including policies, practices, and procedures with respect to the payment of wages.

25.    Upon information and belief, at all relevant times, D&J Cleaning Services, Inc. has had an annual gross volume of sales in excess of $500,000.

**Myriam Ramos**

26.    Together with other Defendants, Myriam Ramos has owned and/or operated D&J Cleaning during the relevant time period.

27.    Upon information and belief, Myriam Ramos is a resident of the State of New York.

28.    At all relevant times, Myriam has been an owner and operator of D&J Cleaning.

29.    In this regard, Myriam was listed as the owner of the address listed as the address for service of process with the NYDDOS for D&J Cleaning Services NY, Inc.

30.    In addition, Myriam identifies herself as the "Owner" of D&J Cleaning on D&J Cleaning's Yelp webpage.[1]

31.    Myriam maintains a direct and significant management role in D&J Cleaning.

---

[1] D&J Cleaning's Yelp webpage, (available at https://www.yelp.com/biz/d-and-j-cleaning-services-new-york) (last accessed Februrary 2, 2017).

32.    At all relevant times, Myriam has had the power over payroll decisions at D&J Cleaning, including the power to retain time and/or wage records. In that regard, Myriam set Plaintiff's rate of pay.

33.    At all relevant times, Myriam has been actively involved in managing the day to day operations of D&J Cleaning. In that regard, Myriam hired and fired Plaintiff as well as directly supervised Plaintiff on a daily basis.

34.    At all relevant times, Myriam has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at D&J Cleaning.

35.    At all relevant times, Myriam has had the power to transfer the assets and/or liabilities of D&J Cleaning.

36.    At all relevant times, Myriam has had the power the declare bankruptcy on behalf of D&J Cleaning.

37.    At all relevant times, Myriam has had the power to enter into contracts on behalf of D&J Cleaning.

38.    At all relevant times, Myriam has had the power to close, shut down, and/or sell D&J Cleaning.

39.    Myriam is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Daniel Ramos**

40.    Together with other Defendants, Daniel Ramos ("Daniel") has owned and/or operated D&J Cleaning during the relevant time period.

41.    Upon information and belief, Daniel is a resident of the State of New York.

42.     At all relevant times, Daniel has been an owner and operator of D&J Cleaning.

43.     In this regard, Daniel's email address, daniel@djcleaningservice.com, is listed as the contact information for D&J Cleaning's Facebook webpage.[2]

44.     Furthermore, Daniel is listed as a contact for clients on D&J Cleaning's Yelp page.[3]

45.     Daniel maintains a direct and significant management role in D&J Cleaning.

46.     At all relevant times, Daniel has had the power over payroll decisions at D&J Cleaning, including the power to retain time and/or wage records.

47.     At all relevant times, Daniel has been actively involved in managing the day to day operations of D&J Cleaning.

48.     At all relevant times, Daniel has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at D&J Cleaning.

49.     At all relevant times, Daniel has had the power to transfer the assets and/or liabilities of D&J Cleaning.

50.     At all relevant times, Daniel has had the power the declare bankruptcy on behalf of D&J Cleaning.

51.     At all relevant times, Daniel has had the power to enter into contracts on behalf of D&J Cleaning. In that regard, Daniel is listed as the "Registrant Name" for D&J Cleaning's website/domain name, djcleaningservice.com.

52.     At all relevant times, Daniel has had the power to close, shut down, and/or sell D&J Cleaning.

53.     Daniel is a covered employer within the meaning of the FLSA and the NYLL, and

---

[2] D&J Cleaning's Facebook webpage, (*available at* https://www.facebook.com/DJCleaningService46688302209/about/?entry_point=page_nav_about_item&ref=page_internal) (last accessed February 2, 2017).

[3] D&J Cleaning's Yelp webpage, (available at https://www.yelp.com/biz/d-and-j-cleaning-services-new-york) (last accessed Februrary 2, 2017).

at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

54.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

55.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

56.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff brings the First and Second Causes of Action, the FLSA claims, on behalf of herself and all similarly situated persons who work or have worked as Non-Exempt Workers for D&J Cleaning who elect to opt-in to this action (the "FLSA Collective").

58.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

59.     Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper statutory minimum wage rate for all hours up to and including 40 and premium overtime compensation of 1.5 times the statutory minimum wage rate for all hours worked beyond 40 per workweek.

60.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

61.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the proper minimum wage rates and the proper premium overtime wages for all hours worked.

62.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective at least the minimum wage and overtime premiums for all hours worked.

63.     There are many similarly situated current and former Non-Exempt Workers who have been denied their proper wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

64.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Non-Exempt Workers for D&J Cleaning in New York between February 10, 2011 and the date of final judgment in this matter (the "Rule 23 Class").

65.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

66.     There are more than fifty Rule 23 Class Members.

67.     Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule

23 Class Member in separate actions.

68.     Plaintiff and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

69.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

70.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

72.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a) whether Defendants paid Plaintiff and the Rule 23 Class at the proper minimum wage rate for all hours worked;

(b) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

(c) whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread of hours pay when the length of their workday was greater than 10 hours;

(d) whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class by demanding, handling, counting, accepting, and/or retaining tips paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(e) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class, in violation of the NYLL;

(f) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(g) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements with every payment of wages, as required by

the NYLL;

(h) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFF'S FACTUAL ALLEGATIONS

73.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Erendida Cano**

74.     Cano was employed by Defendants as a cleaning employee from approximately February 2014 until in or around August 2016.  During her employment, Cano performed work throughout the New York City area.

75.     During her employment, Cano generally worked over 40 hours per week, unless she missed time for vacation, sick days or holidays, or obtained additional shifts. On average, she would work 5 days per week, from approximately 7:30 a.m. to 6:00 p.m. (for approximately 52.5 hours per week).

76.     At all times relevant, Cano was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each week, and 1.5 times the full statutory minimum wage rate for all hours worked beyond 40 each week.

77.     Defendants compensated Cano on a daily rate basis.  In this regard, Defendants would compensate Cano $80 per day throughout her employment regardless of the actual number of hours worked.

78.     As a result, throughout her employment, Defendants paid Cano less than the full statutory minimum wage rate.

79.     Furthermore, despite regularly working over 40 hours per workweek, Defendants failed to compensate Cano with proper overtime compensation of 1.5 times the full statutory minimum wage rate for all hours she was suffered or permitted to work.

80.     Defendants suffered or permitted Cano to work over 10 hours per day. Defendants did not pay Cano one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

81.     Defendants did not allow Cano to retain all of the tips she earned while working for D&J Cleaning. Instead, Defendants would unlawfully demand, count, accept, and/or retain tips that Cano earned.

82.     Defendants made unlawful deductions from Cano's wages, including, but not limited to: deductions for transportation expenses. Defendants would regularly assign Cano 3 to 4 clients a day, and she was expected to get herself to and from each client. Since clients could be located throughout the five boroughs of New York City, Cano would regularly have to pay for Metrocards and taxi fare. At no point did Defendants reimburse Cano for these transportation expenses.

83.     Defendants failed to provide Cano with proper annual wages notices as required by the NYLL.

84.     Defendants failed to provide Cano with accurate wage statements as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

85.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

87.    Defendants were required to pay directly to Plaintiff and the FLSA Collective the applicable New York State minimum wage rate for all hours worked.

88.    Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

89.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.  As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

90.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

93.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage rate – for all hours worked in excess of 40 per workweek.

94.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.  As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

95.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

96.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.     The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

98.     Defendants failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

99.     Defendants were required to pay Plaintiff and the Rule 23 Class the full minimum wage at a rate of; (a) $7.25 per hour for all hours worked from July 24, 2009 through December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (d) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; and (e) $11.00 per hour for all hours worked from December 31, 2016 to the present under NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

100.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the Rule 23 Class)

101.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

103.    Defendants failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

104.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay
### (Brought on behalf of Plaintiff and the Rule 23 Class)

105.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106.    Defendants have willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

107.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class

are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

108.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

109.    Defendants have unlawfully demanded, accepted, and/or retained, directly or indirectly, part of the gratuities received by Plaintiff and the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

110.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Unlawful Deductions from Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

111.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

112.    Defendants have made unlawful deductions from the wages of Plaintiff and the Rule 23 Class. These deductions included, but were not limited to: deductions for transportation expenses incurred traveling to and from multiple clients in one day.

113.    The deductions made from the wages of Plaintiff and the Rule 23 Class were not authorized or required by law.

114.    The deductions made from the wages of Plaintiff and the Rule 23 Class were not expressly authorized in writing by or for the benefit of Plaintiff and the Rule 23 Class.

115.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### EIGHTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

116.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

117.    Defendants have failed to supply Plaintiff and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

118.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed

to provide them with wage notices, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

### NINTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

119.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120.    Defendants failed to supply Plaintiff and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

121.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Workers who are presently, or have at

any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for D&J Cleaning. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

        B.      Unpaid minimum wages and overtime wages as well as an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

        C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

        D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

        E.      Unpaid minimum wages, overtime wages, spread of hours pay, misappropriated tips, unlawful deductions, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

        F.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

        G.      Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

        H.      Prejudgment and post-judgment interest;

        I.      Reasonable attorneys' fees and costs of the action; and

        J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
February 10, 2017

Respectfully submitted,

Arsenio D. Rodriguez

**FITAPELLI & SCHAFFER, LLP**
Arsenio D. Rodriguez
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra D&J Cleaning Service y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)

_Erendira   Cano_
Nombre legal completo (Imprenta) (Full Legal Name (Print))