```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/10/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERENDIRA CANO, et al.,

    Plaintiffs,

-against-

D&J CLEANING SERVICES NY, INC., et al.,

    Defendants.

17-CV-997 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court is a proposed settlement in this wage and hour action brought by plaintiffs Erendira Cano, Yisel Martinez, Rubi Lema, and Ana Lucia Matute against corporate defendants D&J Cleaning Services NY, Inc., and individual defendants Myriam Ramos and Daniel Ramos. Plaintiffs allege that defendants failed to pay them the applicable minimum wage rate, overtime wages, and spread of hours pay, failed to turn over all of their gratuities, took unlawful deductions from their wages, and failed to provide proper wage notices and statements, all in violation of the Fair Labor Standards Act (FLSA) and/or the New York Labor Law (NYLL).

On June 22, 2017, during a settlement conference conducted before me, the parties resolved their disputes. On July 7, 2017, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. No. 21.) On August 1, 2017, they submitted their proposed settlement agreement (Agreement) for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), along with a letter discussing the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). (Dkt. No. 23.)

The Agreement requires defendants to pay a total of $35,000.00, of which plaintiffs will collectively receive $22,771.36. Ag. ¶ 1(A)(i)-(iv).[1] Plaintiffs' counsel will receive the remaining $12,228.64, comprising $11,385.68 in fees plus $842.96 in expenses. Ag. ¶ 1(A)(v). Plaintiffs have also submitted their attorneys' billing records, showing that counsel spent a total of 43.40 hours on this case, at a billing rate of $375.00 per hour. (Dkt. No. 23-2.)

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky*, 900 F. Supp. 2d at 335. In making that determination, the court must consider the totality of the circumstances, including but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

For the reasons that follow, I find that the Agreement in this action is fair and reasonable. Having supervised the parties' settlement conference, I am satisfied with the fairness of the negotiations leading up to the settlement. I am also satisfied that the financial terms of the settlement are fair and reasonable when considered in light of the range of damages that plaintiffs could reasonably hope to recover at trial, the costs and risks inherent in establishing defendants' liability, the defendants' financial resources, and the inherent time, cost and risk savings for both

---

[1] Erendira Cano will receive $10,347.33, Yisel Martinez will received $3,831.37, Rubi Lema will receive $5,149.69, and Ana Lucia Matute will receive $3,442.97. Ag. ¶ 1(A)(i)-(iv).

sides in settling this case at this juncture. The Agreement's mutual general releases, which were negotiated by competent counsel, also appear fair and reasonable. Ag. ¶ 3.

Finally, the amounts allocated to attorneys' fees and costs are fair and reasonable in the context of this action. Counsel seek $11,385.68 in fees plus $842.96 in expenses. The fee award is approximately one third the net settlement amount, which is $34,157.04 ($35,000.00 less $842.96). *See Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"). This Court's practice, even in non-class cases where the fee is one-third or less of the net settlement amount, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See Zhang*, 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fee under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raised no such concerns.

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of the Court is directed to close the case.

Dated: New York, New York
 October 10, 2017

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge